# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES NEWELL, DANIEL VOUGHT,
and DANIEL ALEXANDER,

                **Plaintiffs,**

             v.                                   Case No. 05-C-552

STATE OF WISCONSIN TEAMSTERS
JOINT COUNCIL NO. 39, et. al.,

                **Defendants.**

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT

On May 19, 2005, James Newell ("Newell"), Daniel Vought ("Vought"), and Daniel Alexander ("Alexander") filed a complaint against the State of Wisconsin Teamsters Joint Council No. 39, the Teamsters General Union Local No. 662, as well as sixteen individuals associated with those organizations. The parties have all consented to the full jurisdiction of a magistrate judge.

On October 13, 2005, the defendants filed a motion to dismiss or in the alternative for a partial judgment on the pleadings. Accompanying this motion was a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. On November 29, 2005, the defendants filed a motion for summary judgment.

On February 8, 2007, the court granted the defendants' motion for partial judgment on the pleadings, dismissing at least portions of counts II, III, IV, and VI of the complaint, granted in part the defendants' motion for partial summary judgment, and ordered ten defendants who were named in their individual capacities dismissed from the complaint, and granted the defendants' motion for summary judgment as to Newell's claim that he was denied a full and fair hearing and thereby

dismissed another individually named defendant from the complaint. The court further found that the plaintiffs violated Rule 11(b)(2) in bringing one count of the complaint, but the court determined that sanctions were inappropriate.

During a telephone scheduling conference conducted on February 21, 2007, the plaintiff requested time to amend the pleadings. The court and counsel for the defendants noted that this case was already roughly two-years old, and discovery had not yet been completed. Nonetheless, the court ordered that any motions to amend the pleadings were to be filed by April 1, 2007. On March 30, 2007, the plaintiffs filed a motion to amend their complaint. The defendants have filed a brief in opposition and the plaintiffs have replied. The pleadings on the plaintiffs' motion to amend their complaint are closed and ready for resolution.

Federal Rule of Civil Procedure 15 permits a party to amend a complaint after the defendant has answered only by leave of the court. Such "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15; Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of "delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and other similar reasons, the motion to amend should be granted. Foman, 371 U.S. at 182. "It is within theسound discretion of the district court whether to grant or deny motion to amend." Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir. 1992) (citing Campbell v. Ingersoll Milling Mach. Co., 893 F.2d 925, 927 (7th Cir. 1990)).

This court previously granted the defendants' motion to dismiss counts II and III insofar as the plaintiffs alleged that their loss of union employment violated the LMRDA. Further, the court granted the defendants' motion to dismiss as to Alexander's claim that he was constructively discharged. In the court's opinion, from a review of the proposed amended complaint, the plaintiffs are attempting to resurrect their claims relating to their removal from their employment with the
dismissed another individually named defendant from the complaint. The court further found that the plaintiffs violated Rule 11(b)(2) in bringing one count of the complaint, but the court determined that sanctions were inappropriate.

During a telephone scheduling conference conducted on February 21, 2007, the plaintiff requested time to amend the pleadings. The court and counsel for the defendants noted that this case was already roughly two-years old, and discovery had not yet been completed. Nonetheless, the court ordered that any motions to amend the pleadings were to be filed by April 1, 2007. On March 30, 2007, the plaintiffs filed a motion to amend their complaint. The defendants have filed a brief in opposition and the plaintiffs have replied. The pleadings on the plaintiffs' motion to amend their complaint are closed and ready for resolution.

Federal Rule of Civil Procedure 15 permits a party to amend a complaint after the defendant has answered only by leave of the court. Such "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15; Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of "delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and other similar reasons, the motion to amend should be granted. Foman, 371 U.S. at 182. "It is within the sound discretion of the district court whether to grant or deny motion to amend." Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir. 1992) (citing Campbell v. Ingersoll Milling Mach. Co., 893 F.2d 925, 927 (7th Cir. 1990)).

This court previously granted the defendants' motion to dismiss counts II and III insofar as the plaintiffs alleged that their loss of union employment violated the LMRDA. Further, the court granted the defendants' motion to dismiss as to Alexander's claim that he was constructively discharged. In the court's opinion, from a review of the proposed amended complaint, the plaintiffs are attempting to resurrect their claims relating to their removal from their employment with the

union under different theories, i.e. as a common law claim for breach of contract and a claim for breach of contract under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). The plaintiffs further seek to amend the complaint to add a claim for punitive damages to their LMRDA claims.

The defendants oppose the plaintiffs' motion to amend on the basis that plaintiffs are (1) seeking to reverse portions of the earlier decision of the court by raising new legal theories; (2) plaintiffs have failed to exhaust mandatory internal union remedies as to the alleged breach of contract claims; and (3) the plaintiffs' contract claims are preempted by federal law and the First Amendment. These arguments can best be summarized as arguments of undue prejudice and that amendment would be futile.

The plaintiffs offer no reason as to why these claims were not included in the original complaint. The plaintiffs do not allege that anything has recently occurred to suddenly bring these "new" claims to light. These claims are not based upon any additional facts but rather are based upon the same operative facts as the claims in the original complaint. Therefore, absent any explanation to the contrary, the court is left to conclude that these claims, together with the request for punitive damages, could have been included in the original complaint. The court will not speculate as to why they were not included, except to note that plaintiffs were represented by different counsel at the time. Either prior counsel failed to consider these claims, or considered and rejected them as not viable.

Nearly two years passed between the filing of the complaint and the plaintiffs' motion to amend. The plaintiffs provide no explanation as to why they did not seek to amend the complaint sooner, although plaintiffs' current counsel has been a part of this case since December 2005, (Docket No. 57). It is unreasonable to assume that more than fifteen-months were required to investigate and research any additional claims that may be appropriate to add to the complaint.

Although "delay by itself does not justify denying a motion to amend a pleading . . . the longer the delay, the greater the presumption against granting leave to amend." Tamari v. Bache & Co. S.A.L., 838 F.2d 904, 909 (7th Cir. 1988).

Further, when a motion to amend is made after a grant of summary judgment, the fact that the plaintiff fails to offer any reason for his failure to amend the complaint earlier is alone a sufficient reason to deny a motion to amend. Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1181 (7th Cir. 1992) (citing Twohy v. First National Bank of Chicago, 758 F.2d 1185, 1196-1197 (7th Cir. 1985)). In Figgie International, the Seventh Circuit held that although only three months had passed between the plaintiff's original complaint and his motion to file an amended complaint, the fact that in the interim the defendant moved for and was granted summary judgment was significant, and thus the plaintiff's "lack of diligence in bringing the claim pre-judgment constitute[d] undue delay." Id. Although the present case is distinguishable in that the motion to amend was brought prior to the court dismissing the entire complaint, this distinction is largely inconsequential because the effect of the present plaintiffs' proposed amendment is to essentially reassert many of the claims that were dismissed by relying upon a different statute.

For example, the court's order granting the defendants' motion for summary judgment depended, in large part, upon the fact that Alexander failed to allege the existence of an employment contract. Alexander now seeks to avoid the effect of this court's order by alleging that an employment contract existed and that his constructive discharge breached that employment contract and violated § 301(a) of the LMRA.

Newell and Vought similarly seek to avoid the effects of this court's order granting the defendants' motion to dismiss their claims that their removal from their positions and employees of the union violated the LMRDA by repackaging the same facts into a claim that the defendants violated § 301(a) of the LMRA.

4

The court concludes that the ends of justice do not require the court to grant the plaintiffs' motion to file an amended complaint. Rather, the court concludes that accepting the plaintiffs' complaint would frustrate the ends of justice and would prejudice the defendants by permitting the plaintiffs to avoid the effects of this court's prior order dismissing numerous of the plaintiffs' causes of action. The defendants' undertook the effort and expense of moving to dismiss certain counts of the complaint and for partial summary judgment. As is made clear from the defendants' brief in opposition to the plaintiffs' motion to file an amended complaint, should the court grant the plaintiffs' motion, the defendants will again move for summary judgment as to the newly added claims and raise many of the same arguments it raised previously. Such re-litigation is inefficient for both the defendants and the court.

Therefore, it is the conclusion of the court that the plaintiffs have unreasonably delayed seeking to amend the complaint in the manner proposed, and permitting the plaintiffs to amend the complaint at this point would prejudice the defendants.

Finally, the parties' briefs make clear that there may be some confusion as to what counts of the original complaint the court ordered dismissed in the February 8, 2007 decision and order. The court shall take this opportunity to reiterate its order. The court granted the defendants' motion to dismiss counts II and III insofar as they allege that the loss of union employment violated either § 101 or § 609 of the LMRDA. The defendant did not file a motion to dismiss counts II or III as to claims that the defendants violated § 101 or § 609 in suspending the union membership of the plaintiffs. However, the court further granted the defendants' motion for summary judgment as to Newell and Vought's claims that the defendants violated § 101(a)(5) by not serving them with specific charges or providing them with sufficient time to prepare their defenses. The court further granted the defendants' motion for summary judgment as to Newell's claim that the defendants' violated § 101(a)(5) by not providing him a hearing by an impartial tribunal. The court did not grant

or deny summary judgment as to the claim alleged in count III of the complaint that the defendants violated § 609 of the LMRDA in suspending the Newell and Vought from their membership in the union.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to file an amended complaint is **denied**. The Scheduling Order entered on February 22, 2007, remains in effect.

Dated at Milwaukee, Wisconsin this 26th day of June, 2007.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge

6
Case 2:05-cv-00552-AEG   Filed 06/26/07   Page 6 of 6   Document 102