# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES NEWELL, DANIEL VOUGHT,**
**and DANIEL ALEXANDER,**

        **Plaintiffs,**

        v.                                          Case No. 05-C-552

**STATE OF WISCONSIN TEAMSTERS**
**JOINT COUNCIL NO. 39, et. al.,**

        **Defendants.**

## ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RELIEF AND GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

On May 19, 2005, James Newell ("Newell"), Daniel Vought ("Vought"), and Daniel Alexander ("Alexander") filed a complaint against the State of Wisconsin Teamsters Joint Council No. 39, the Teamsters General Union Local No. 662, as well as sixteen individuals associated with those organizations. The parties have all consented to the full jurisdiction of a magistrate judge.

On October 13, 2005, the defendants filed a motion to dismiss or in the alternative for a partial judgment on the pleadings. Accompanying this motion was a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. On November 29, 2005, the defendants filed a motion for summary judgment.

On February 8, 2007, the court granted the defendants' motion for partial judgment on the pleadings, dismissing at least portions of counts II, III, IV, and VI of the complaint, granted in part the defendants' motion for partial summary judgment, and ordered ten defendants who were named in their individual capacities dismissed from the complaint, and granted the defendants' motion for summary judgment as to Newell's claim that he was denied a full and fair hearing and thereby

dismissed another individually named defendant from the complaint. The court further found that the plaintiffs violated Rule 11(b)(2) in bringing one count of the complaint, but the court determined that sanctions were inappropriate.

During a telephone scheduling conference conducted on February 21, 2007, the plaintiff requested time to amend the pleadings. The court and counsel for the defendants noted that this case was already roughly two-years old, and discovery had not yet been completed. Nonetheless, the court ordered that any motions to amend the pleadings were to be filed by April 1, 2007. On March 30, 2007, the plaintiffs filed a motion to amend their complaint to which the defendants filed a brief in opposition and the plaintiffs replied. On June 26, 2007, the court denied the plaintiffs' motion to amend the complaint.

On July 5, 2007, the plaintiffs filed a motion for partial relief, requesting that the court reconsider its denial of the plaintiffs' motion to amend its complaint, only as it relates to a claim for punitive damages. The defendants have responded and the plaintiffs have replied. The pleadings on the plaintiffs' motion for reconsideration are closed and the matter is ready for resolution.

**Plaintiffs' Motion for Partial Relief**

The plaintiffs argue that their request to amend the complaint to include an explicit request for punitive damages is not actually a substantive amendment but merely a clarification of the original complaint because the plaintiffs requested punitive damages when it requested "[s]uch other and further relief as the Court deems just and proper." Further, the plaintiffs argue that they are entitled to punitive damages pursuant to Federal Rule of Civil Procedure 54(c).

The defendants respond that the plaintiffs failed to appropriately request punitive damages in the original complaint because under the LMRDA, punitive damages are appropriate where the union acted with ill will or reckless disregard for the plaintiff's interests. (Docket No. 105 at 5 (citing Kinslow v. American Postal Workers Union, 222 F.3d 269, 279 (7th Cir. 2000).) Because

the original complaint failed to allege these necessary facts, the general request for relief included in the original complaint could not have included punitive damages.

This court has previously denied the plaintiffs' motion to amend its complaint finding the permitting amendment at this point would prejudice the defendants. The court shall not revisit that decision here and relies upon its reasoning set forth in its earlier order. (See Docket No. 87.) Therefore, the court shall turn to the plaintiffs' complaint to determine whether it alleges sufficient facts to support a claim for punitive damages pursuant to Rule 54(c).

"Under Rule 8(a), Fed.R.Civ.P., the pleader need not allege the legal theory on which he relies, and under Rule 54(c) he is to be granted any relief to which he is entitled even though he has not demanded it." Hostrop v. Board of Jr. College Dist. No. 515, 523 F.2d 569, 581 (7th Cir. 1975) (internal citations omitted).

> If defendant has appeared and begun defending the action, adherence to the particular legal theories of counsel that may have been suggested by the pleadings is subordinated to the court's duty to grant the relief to which the prevailing party is entitled, whether it has been demanded or not. The only exception to this rule is if plaintiff's failure to demand the appropriate relief has prejudiced his adversary. Consequently, the prayer for relief does not determine what relief ultimately will be awarded.

Wright & Miller, *Federal Practice and Procedure*, § 2664 *Demand for Judgment–Judgment in Nondefault Cases* (footnotes omitted); see also 10-54 *Moore's Federal Practice, Civil* § 54.27[1][a] (citing cases) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." "The available relief is determined by the proof, not by the pleadings, and it is the duty of the court to grant all relief to which a party is entitled on that proof."); Old Republic Ins. Co. v. Employers Reinsurance Corp., 144 F.3d 1077, 1080 (7th Cir. 1998) (citing Williamson v. Handy Button Mach. Co., 817 F.2d 1290, 1298 (7th Cir. 1987)). "The prayer, may be looked to to help determine the relief to which the appellant is entitled, but it is not controlling. 'The question is not

3

whether the Plaintiff has asked for the proper remedy but whether under his pleadings he is entitled to any remedy.'" Kansas City, St. L. & C. R. Co. v. Alton R. Co., 124 F.2d 780 (7th Cir. 1941) (quoting Catanzaritti v. Bianco, 25 F.Supp. 457 (M.D. Pa. 1938)).

However, a party is not entitled to relief it did not seek in its pleadings if the opposing party would be prejudiced by the court's application of Rule 54(c). Miller Brewing Co. v. Acme Process Equipment Co., 464 F. Supp. 856, 857 (E.D. Wis. 1979) (quoting Sapp v. Renfroe, 511 F.2d 172, 176 n.3 (5th Cir. 1975) (citing Thorington v. Cash, 494 F.2d 582, 586 n.9 (5th Cir. 1974); Robinson v. Lorillard Corp., 444 F.2d 791, 802-03 (4th Cir. 1971))).

This court has been unable to identify any decision of a court within this Circuit that has analyzed the application of Rule 54(c) to a plaintiff's request for punitive damages when an explicit demand was not made in the complaint. However, the court has identified numerous District Court and Circuit Court of Appeals decisions that have squarely addressed this issue.

For example, in Bowles v. Osmose Utils. Servs., 443 F.3d 671, 675 (8th Cir. 2006), the Eighth Circuit affirmed the trial court's award of punitive damages pursuant to Rule 54(c) following trial despite the fact the complaint did not call for punitive damages because the defendant had notice of the plaintiff's intent to seek punitive damages prior to trial by virtue of the fact that the plaintiff filed a document three weeks before trial notifying the defendant of his intent to seek punitive damages.

In Scutieri v. Paige, 808 F.2d 785, 790-93 (11th Cir. 1987), the Eleventh Circuit held that it was not necessary for a plaintiff to include a specific request for punitive damages in a complaint. Rather, punitive damages were appropriate if the complaint alleged conduct that would support a claim for punitive damages and the evidence presented supports that claim. Id. at 792. The court noted that the complaint specifically asserted that the defendants "'acted intentionally and maliciously, wantonly, willfully, in bad faith, with gross and reckless disregard for the rights and

4

interest of the Plaintiffs' [and] [t]he complaint also claimed that their conduct was 'so flagrant and wanton as to justify an award of punitive damages.'"

In its decision, the Eleventh Circuit relied upon the Fifth Circuit's decision in Guillen v. Kuykendall, 470 F.2d 745, 748 (5th Cir. 1972), wherein the court held that under Rule 54(c) the trial court erred in failing to instruct the jury regarding exemplary damages when the complaint contained allegations that would support such relief but the plaintiff had failed to explicit request such damages. Id.

At least two District Courts have relied upon Scutieri to hold that a plaintiff's failure to specifically request punitive damages in the complaint did not bar recovery under Rule 54(c). See Red Rock Communs., Inc. v. Am. Telecasting, Inc., 2006 U.S. Dist. LEXIS 59158, 12-15 (D. Nev. 2006) (holding that plaintiff was permitted to seek punitive damages under Rule 54(c) despite failing to explicitly request punitive damages in the complaint because the defendant had failed to demonstrate that it would be prejudiced); Toler v. Engelhard Corp., 2006 U.S. Dist. LEXIS 65526, 9-13 (M.D. Ga. 2006) (holding that amendment of the complaint was unnecessary under 54(c) because the complaint alleged sufficient facts to support an award of punitive damages).

Other District Courts have reached similar conclusions. See, e.g., Teel v. United Techs. Pratt & Whitney, 953 F. Supp. 1534, 1539 (S.D. Fla. 1997) ("By itself, Rule 8(a)(3) does not require that punitive damages ever be pleaded, principally because Rule 54(c) commands that 'every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.'"); In re Landbank Equity Corp. v. Runnels, 83 B.R. 362, 376 (E.D. Vir. 1987) ("A failure to specifically plead and demand exemplary damages will not bar an award of such damages under 54(c) where the body of the complaint alleges facts sufficient to support the award.") (citations omitted); Griffith Laboratories U.S.A., Inc. v. Pomper, 607 F. Supp. 999, 1001 (S.D.N.Y. 1985) ("[Rule 54(c)] has been construed to permit the

5

award of punitive damages when a complaint did not separately plead for them but did allege facts sufficient to support a punitive damages award.") (citing Guillen, 470 F.2d at 748).

Finally, in DePape v. Trinity Health Sys., 242 F. Supp. 2d 585, 617 n.13 (N.D. Iowa 2003), the court noted that although there was "overwhelming" evidence to support punitive damages against the defendant, the court declined to impose punitive damages under Rule 54(c) because the plaintiff failed to plead sufficient facts in either his original or amended complaints to put the defendant on notice that punitive damages were at issue.

It is the conclusion of this court that a plaintiff may recover punitive damages pursuant to Rule 54(c) only if sufficient facts to support such an award are alleged in the complaint. See, e.g., Scutieri, 808 F.2d at 792; Guillen, 470 F.2d at 748; DePape, 242 F. Supp. 2d at 617 n.13; Toler, 2006 U.S. Dist. LEXIS 65526, 9-13; In re Landbank Equity Corp., 83 B.R. at 376; Griffith Labs, 607 F. Supp. at 1001. Although Rule 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," and that it is not necessary for a plaintiff to plead specific facts under Rule 9 to recover punitive damages, see, e.g., Maglione v. Cottrell, Inc., 2001 U.S. Dist. LEXIS 25022, 5-6 (N.D. Ill. 2001) (quoting Neal v. Honeywell Inc., 191 F.3d 827, 830 (7th Cir. 1999), the court nonetheless believes that it is necessary for the complaint to contain sufficient facts to support the claim when relief is sought pursuant to Rule 54(c).

In order to recover under Rule 54(c), it is not necessary for the plaintiff to explicitly demand punitive damages; however, absent an explicit demand, the complaint must contain sufficient allegations to inform the defendant that punitive damages are on the table, so to speak. Absent sufficient notice in the complaint, a defendant will almost invariably be prejudiced to some degree. Even at the earliest stages of a case, a defendant's litigation posture may be greatly different in a case where the plaintiff seeks punitive damages versus a case where the plaintiff has elected to forgo that avenue of relief. Thus, absent sufficient notice in the complaint, amendment is necessary

and a court shall evaluate the propriety of a proposed amendment under those established standards. Further, the court finds that a boilerplate request for "[s]uch additional amounts and relief as this Honorable Court shall deem proper under the circumstances" is insufficient to put the defendants on notice of a request for punitive damages.

The availability of punitive damages depends upon the specific conduct alleged. Simply because the plaintiff seeks relief under a statute that may authorize the recovery of punitive damages is insufficient to provide the defendant with the requisite notice. As is exemplified by the LMRDA, the availability of punitive damages depends upon the precise nature of the claim; a claim under the LMRDA does not automatically lend itself to a request for punitive damages but rather the availability of punitive damages depend upon the specific facts related to the alleged violation. As the Seventh Circuit explained:

> The LMRDA does not specifically permit or preclude punitive damages. But because all union members' rights are threatened when one member's rights are violated, courts have held that the LMRDA implicitly authorizes the award of punitive damages to deter malicious violations of the Act. Maddalone v. Local 17, United Bhd. of Carpenters and Joiners of Am., 152 F.3d 178, 186 (2d Cir. 1998); Woods v. Graphic Communications, 925 F.2d 1195, 1205 (9th Cir. 1991); Doty v. Sewall, 908 F.2d 1053, 1062 (1st Cir. 1990). Punitive damages are awarded in LMRDA cases only where the union has acted with ill will or reckless disregard for the plaintiff's interests. Thompson v. Office and Professional Employees Int'l Union, AFL-CIO, 74 F.3d 1492, 1508-09 (6th Cir. 1996). Thus, to merit such an award, the plaintiff must show that: (1) in retaliating against the plaintiff, the union acted willfully or with reckless disregard for the plaintiff's interests; and (2) the conduct of the union was egregious or the harm it inflicted was severe. Woods, 925 F.2d at 1206; Schmid v. United Bhd. of Carpenters and Joiners of Am., 827 F.2d 384, 386 (8th Cir. 1987) (per curiam); Bise v. International Bhd. of Elec. Workers, AFL-CIO Local 1969, 618 F.2d 1299, 1306 (9th Cir. 1979).

Kinslow v. American Postal Workers Union, 222 F.3d 269, 278-79 (7th Cir. 2000).

Turning to the plaintiffs' complaint, the court finds it devoid of any allegations that the defendants acted willfully or with reckless disregard for the plaintiffs' interests. Further, there is

7

absolutely no allegation that the conduct of the union was egregious or the harm it inflicted was severe.

Although the plaintiffs represent their proposed amended complaint as merely a "clarification" of its earlier complaint, it is not for the sake of clarification that they seeks to add allegations that the defendants' actions were "performed in bad faith, and, with actual malice or reckless or wanton indifference to the rights of the plaintiffs" to each of the four counts in the proposed amended complaint. (Docket No. 103-4 at 12, ¶ 79; 13, ¶ 85; 15, ¶ 91; 17, ¶ 95.) Rather, these additional allegations fundamentally alter the posture of this case and the nature of the relief the plaintiffs seek. Therefore, the court finds that the complaint was insufficient to inform the defendants that the plaintiffs seek punitive damages and for the reasons set forth in this court's earlier order, permitting amendment now, more than two years after this case was begun, would prejudice the defendants. Thus, the court shall deny the plaintiffs' motion for the court to reconsider its denial of the plaintiffs' motion to amend their complaint and further, the plaintiffs shall be precluded from pursuing punitive damages by way of Rule 54(c).

**Defendant's Motion for a Protective Order**

On September 7, 2007, the defendants filed a motion pursuant to Civil L.R. 7.4 seeking an order striking Attorney Scott Soldon from the plaintiffs' witness list or for a protective order prohibiting the plaintiffs from taking Attorney Soldon's deposition. (Docket No. 109.)

The plaintiffs respond by first arguing that the issue is not ripe for determination. (Docket No. 112 at 1.) However, because the plaintiffs do intend to eventually take the deposition of Attorney Soldon, the plaintiffs request the court to resolve the dispute now. (Docket No. 112 at 1.) The plaintiffs argue that it is appropriate to depose Attorney Soldon because Attorney Soldon allegedly had a conversation with Fred Gegare and Dan Alexander regarding Alexander assisting Dan Vought throughout Vought's disciplinary process. (Docket No. 112 at 1.) Specifically,

Attorney Soldon submitted an affidavit to this court wherein Gegare stated that he did not threaten Alexander but in the same affidavit Gegare admits that Attorney Soldon told Alexander "that he would find it hard to find another job that paid as well as a Teamsters Local 662 Business Agent." (Docket No. 112 at 1.) Thus, the plaintiffs seek to find out the basis for Attorney Soldon's comment to Alexander. (Docket No. 112 at 1.) The plaintiffs argue that Attorney Soldon's deposition is crucial to their trial preparation because only Attorney Soldon knows the meaning behind the words he spoke. (Docket No. 112 at 2.) The plaintiffs assure the court that they do not seek privileged information regarding Attorney Soldon's representation of the defendants. (Docket No. 112 at 3.) Further, the plaintiffs state they may want to depose Attorney Soldon regarding his recollection of his notes related the Executive Board's decision to discipline Vought. (Docket No. 112 at 3.)

"The practice of subjecting opposing counsel to depositions should be discouraged." Advance Systems, Inc. v. APV Baker PMC, Inc., 124 F.R.D. 200, 201 (E.D. Wis. 1989). Although some courts take the approach of requiring the attorney to attend the deposition and raise particular objections to specific questions, see Taylor Mach. Works, Inc. v. Pioneer Distrib. Inc., 2006 U.S. Dist. LEXIS 94898, 5-6 (C.D. Ill. 2006) (citing Hunt Internat'l Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D.Ill 1983); Scovill Mfg. Co. v. Sunbeam Corp., 61 F.R.D. 598, 603 (D.Del. 1973)), this court does not consider this approach to be the most efficient manner in which to resolve the present dispute. Instead, the court finds the approach set forth Eighth Circuit in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986), to be a more appropriate approach, whereby "the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed.R.Civ.P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition." Advance Systems, 127 F.R.D. at 201 (quoting N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85 (D.N.C. 1987)). Before a court shall permit the taking of opposing counsel's deposition "where the party seeking to take the deposition has

shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. Shelton, 805 F.2d at 1327 (citation omitted).

Although the Seventh Circuit Court of Appeals has yet to weigh in on the issue of when it is appropriate to depose counsel for an opposing party, numerous District Courts within this Circuit have followed the Shelton approach. See Stalling v. Union Pac. R.R. Co., 2004 U.S. Dist. LEXIS 863 (N.D. Ill. 2004) (citing Prevue Pet Products v. Avian Adventures, Inc., 200 F.R.D. 413, 418-19 (N.D. Ill. 2001); Hernandez v. Longini, 1997 U.S. Dist. LEXIS 18679 (N.D. Ill. 1997); M & R Amusements Corp. v. Blair, 142 F.R.D. 304 (N.D. Ill. 1992); Harriston v. Chicago Tribune Co., 134 F.R.D. 232 (N.D. Ill. 1990); Joslyn Corp. v. RTE Corp., 1988 U.S. Dist. LEXIS 10796 (N.D. Ill. 1988)); see also Advance Systems, 127 F.R.D. at 201; Marco Island Partners v. Oak Dev. Corp., 117 F.R.D. 418, 420 (N.D. Ill. 1987).

The court in Taylor Mach. Works noted that "[t]hose courts applying Shelton . . . did so flexibly, considering such factors as: the need to take the deposition; the lawyer's role in the underlying action and in the primary action; the risk of encountering privilege and interfering in the attorney client relationship; avoiding unnecessary expense; and the means and extent of discovery already conducted to obtain the information to be gleaned from the attorney." 2006 U.S. Dist. LEXIS 94898, at 9-10.

Although the plaintiffs indicate that certain depositions have been taken, there is no indication that Gegare has yet been deposed. Certainly, Gegare's deposition would shed light upon this alleged incident. Further, neither party addresses whether Attorney Soldon would be required to withdraw from representing the defendants in this matter if the court permitted the plaintiffs to take his deposition. Perhaps the answer to this question is unknowable at this point and would depend upon the testimony Attorney Soldon would provide. However, the court considers this an important

factor that must be weighed along with others when considering whether to permit the plaintiffs to depose Attorney Soldon. If Attorney Soldon and his law firm were required to withdraw because Soldon becomes a witness, given the complexity of this case, requiring the defendants to bring in new counsel after more than two years would necessarily result in an incredible expense to the defendants and would surely delay the resolution of a case that has already lingered on this court's docket long enough.

"A trial court has the discretion under Rule 26(c) 'to issue a protective order against the deposition of opposing counsel when any one or more of the three <u>Shelton</u> criteria for deposition listed above are not met.'" <u>Stalling v. Union Pac. R.R. Co.</u>, 2004 U.S. Dist. LEXIS 863 (N.D. Ill. 2004) (quoting <u>Boughton v. Cotter Corp.</u>, 65 F.3d 823, 830 (10th Cir. 1995)). It is the conclusion of this court that, at this point, the plaintiffs have failed to demonstrate that no other means exist to obtain the information than to depose opposing counsel, the information sought is relevant, and the information is crucial to the preparation of the case.

Upon the present state of the record, the court is unable to say whether the information that the plaintiffs seek from Attorney Soldon is of limited or no relevance, or is crucial to the presentation of plaintiffs' case. Nor does the court know whether such information can be obtained through the testimony of other witnesses. Therefore, at this juncture, the court shall grant the defendants' motion for a protective order pursuant to Rule 26(c) prohibiting the plaintiffs from deposing Attorney Soldon. However, after the plaintiffs have completed the remainder of their discovery in this case, they may find it necessary to submit a motion requesting that the protective order be vacated. The court will entertain such a motion, but only if the plaintiffs are able to present additional specific facts as to why the deposition of Attorney Soldon is crucial to the preparation of the case and that all other avenues for obtaining such information have proven unsuccessful.

11
Case 2:05-cv-00552-AEG   Filed 09/28/07   Page 11 of 12   Document 116

In light of the foregoing, the alternate motion to strike Soldon's name from the plaintiffs' witness list is premature and will be denied without prejudice. If the protective order is not vacated, the defendants can resubmit their motion if they believe such action is required.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for partial relief is **denied**. Further, the plaintiff is precluded from seeking punitive damages by way of Federal Rule of Civil Procedure 54(c).

**IT IS FURTHER ORDERED** that the defendants' motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) is **granted**, and the defendants' motion to strike is **denied without prejudice.** The plaintiffs may not depose counsel for the defendants, Attorney Soldon.

Dated at Milwaukee, Wisconsin this 28th day of September, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge