UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES NEWELL, DANIEL VOUGHT,
and DANIEL ALEXANDER,

            **Plaintiffs,**

            v.                                      Case No. 05-C-552

STATE OF WISCONSIN TEAMSTERS
JOINT COUNCIL NO. 39, et. al.,

            **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' LOCAL RULE 7.4 MOTION TO TAKE ADDITIONAL DEPOSITIONS

The plaintiffs have requested leave of the court pursuant to Federal Rule of Civil Procedure 30(a)(2) to take in excess of ten depositions. Specifically, the plaintiffs seek to depose three members of the Joint Council, specifically Mike Spencer, Reggie Konop and Tony Cornelius, and Randy Arndt, who served on Local 662's Executive Board for Dan Vought's disciplinary hearing. Another reason the plaintiffs additionally seek to depose Tony Cornelius, is that he also sat on Dan Vought's appeal panel and was present when various alleged threats were made to Dan Alexander by Fred Gregare. As for Mike Spencer and Reggie Konop, the plaintiffs state that they believe these two people "may be more forthcoming regarding what happened and why it happened." (Docket No. 117 at 2.)

The defendants oppose plaintiffs' motion on the basis that additional depositions would be "cumulative and tangential, or related solely to issues previously dismissed." (Docket No. 119 at 2.) The defendants point out that eight depositions have already been taken and two additional depositions are scheduled. The eight depositions that have already occurred have been lengthy and

substantial, lasting for more than thirty-eight hours and consisting of nearly 1400 pages of transcript. (Docket No. 120 at 1-2.)

Fed. R. Civ. P. 30(a)(2) states:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,
> (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants;

Fed. R. Civ. R. 26(b)(2)(C) states:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

"The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." Dixon v. Certainteed Corp., 164 F.R.D. 685, 692 (D. Kan. 1996). In Bell v. Fowler, 99 F.3d 262 (8th Cir. 1996), the Eighth Circuit held that the district court did not abuse its discretion when it denied the plaintiff's request to take the depositions of two additional city council members when the plaintiff had already deposed eight city council members, the mayor, and the former police chief. Id. at 271. The court noted that the plaintiff failed to demonstrate that these two additional council members were likely to reveal any new information. Id. Further, in Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D. 480, 482-483

2

(N.D. Tex. 2001), the court held that a party seeking to take more than ten depositions must demonstrate the need for not only the additional depositions but also the depositions already taken. Id. at 482. Absent such a rule, the court explained, a party could circumvent the cap by taking ten deposition of questionable relevance first and leave the most crucial depositions for the end, confident in the belief that leave of the court shall not be denied. Id. at 483.

The defendants do not raise any challenge to the appropriateness of the depositions already taken and therefore the court shall focus upon the plaintiff's four additional deposition requests. From the plaintiffs' submissions, the plaintiffs have demonstrated that Tony Cornelius and Randy Arndt have discoverable information that is not unreasonably cumulative or duplicative, obtainable from some other source, or not permitted based under any other of the factors set forth in under Fed. R. Civ. R. 26(b)(2)(C). The court shall permit the plaintiffs to take these depositions. However, as for Mike Spencer and Reggie Konop, it appears from the plaintiffs' submissions that any information either of these witnesses is likely to possess is unreasonably cumulative or duplicative, or obtainable from some other source. Therefore, the court shall exercise its discretion and deny the plaintiffs' motion to take the depositions of Mike Spencer and Reggie Konop.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for leave to take in excess of ten depositions, is **granted in part and denied in part**. The plaintiffs shall be permitted to take the depositions of Tony Cornelius and Randy Arndt for a total of twelve depositions. However, the plaintiffs' motion for leave to take the depositions of Mike Spencer and Reggie Konop is **denied**.

Dated at Milwaukee, Wisconsin this 25th day of October, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
