**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DANIEL VOUGHT,**

                     **Plaintiff,**

    **v.**                                              **Case No. 05-C-552**

**TEAMSTERS GENERAL UNION**
    **LOCAL COUNCIL NO. 662,**

                     **Defendant.**

---

# FINAL PRETRIAL ORDER

On April 21, 2008, a final pretrial conference was conducted before this court. A jury trial is scheduled to commence on **May 5, 2008** at **9:00 A.M.** Appearing on behalf of the plaintiff were attorneys David C. Schoenberger and Peter M. Reinhardt, and on behalf of the defendant were attorneys Scott D. Soldon, and Nathan D. Eisenberg.

Based upon the court's consideration of the parties' pretrial reports and the statements of counsel, for the reasons more fully stated on the record, the court enters the following Order, which shall govern the trial in this matter:

1. The plaintiff's Motion for Reconsideration, (Docket No. 178), is denied.

2. The defendant having no objection, plaintiff's first motion in limine, (Docket No. 177 at 1-2), regarding allegations of sexual harassment, is granted.

3. The plaintiff's second motion in limine regarding WIRE, LLC, (Docket No. 177 at 2-4), is granted in part and denied in part. Evidence regarding Vought's involvement in WIRE is admissible as it is relevant to the issue of mitigation of damages. Evidence related to WIRE's clients and charges filed with the NLRB is not admissible with respect to the credibility of witnesses Newell and Alexander and plaintiff Vought.

4. The plaintiff's third motion in limine, (Docket No. 177 at 4-5), is granted in part and denied in part. Reference to Newell and Alexander's LMRDA claims and the resolution of those claims are admissible to the issue of credibility. Evidence relating to these LMRDA claims is not admissible for any other purpose.

5. The plaintiff's fourth motion in limine, (Docket No. 177 at 5-6), is granted except to the extent that reference to Vought's dismissed claims is admissible with respect to his credibility.

6. The defendant's second motion in limine, (Docket No. 171), is granted except to the extent that evidence relating to previously litigated issues is relevant to the credibility of a witness.

7. A six person jury shall be selected in accordance with the procedures discussed at the conference. The plaintiff should clarify proposed voir dire question number 22 no later than **April 25, 2008.** The jury's verdict shall be unanimous.

8. The jurors will not be permitted to take notes and will not be permitted to ask questions of witnesses.

9. Regarding plaintiff's expert Mary Jo Werner, the court grants defendant's objection to plaintiff's request to take a video trial deposition in LaCrosse, Wisconsin in preparation for trial. If plaintiff wishes Mary Jo Werner to testify, she must appear in court.

10. Neither party objects to the authenticity of any of the opposing party's exhibits, as listed in their respective pretrial reports. Each party reserves the right to make other objections to the admission of the opposing party's exhibits.

11. Prior to the start of trial, each party shall provide the court with a three-ring binder that contains copies of their respective exhibits. These binders shall be for the court's use.

12. Either party wishing to use any audio or visual equipment must provide the equipment.

13. A party wishing to publish an exhibit to the jury must provide a copy for each juror.

14. All exhibits received in evidence shall be sent to the jury room during jury deliberation unless a specific objection to doing so is raised by a party following the conclusion of the trial.

15. Trial days shall begin at 9:00 A.M., and will adjourn for the day at 5:00 P.M.

16. The court further stated during the final pretrial conference that two issues required further consideration by the court:

> (1) the defendant's motion in limine to exclude evidence of employment related damages as a result of Daniel Vought's loss of his elected position with Local 662, his suspension from union membership, and the prohibition against obtaining employment with any entity affiliated with the International Brotherhood of Teamsters ("IBT") during the term of his suspension, (Docket No. 169); and
>
> (2) whether Vought may seek special damages for "mental or emotional distress, embarrassment, loss of reputation and status, and loss of enjoyment of life," (Docket No. 184). The court now enters the following orders resolving these issues:

**Employment Related Damages**

When Vought lost his elected union office and was suspended from the IBT, he was prohibited from obtaining employment with any IBT affiliated entity. On its face, this broad prohibition covers a wide range of jobs that might be obtained with an IBT affiliated Local.

The court concludes that this consequence of improper Local 662 action, a prohibition regarding future employment with an IBT affiliated Local, is compensable if Vought is able to appropriately demonstrate that the defendant's action resulted in damages. Whether or not Vought shall be able to muster sufficient evidence to demonstrate by a preponderance of the evidence that his suspension from office and membership and prohibition against obtaining employment with an IBT affiliated entity resulted in damages is a question for the jury, and thus cannot be resolved by the court at this point. In other words, Vought will have the opportunity to present evidence of any

3

loss of employment opportunities and in this regard, the defendant's motion in limine, (Docket No. 169), is **denied**.

In permitting Vought to proceed, the court must emphasize that plaintiff's damage claim resulting from the prohibition regarding future employment is entirely distinct from Vought's loss of his position as Business Agent for Local 662. Any wages that Vought lost as a result of being terminated from his position as Business Agent for Local 662 are not compensable, since that claim was dismissed. Even though Vought's subsequent suspension and prohibition precluded him from re-obtaining employment as a Business Agent for Local 662, Vought was terminated from this position before he was ever suspended. Therefore, this case no longer contains a claim for lost wages as a Business Agent. Vought may recover damages beyond the loss of his Recording Secretary stipend only if he can demonstrate that he was denied employment that he would have received but for the membership suspension and/or prohibition action of the defendant.

**Special Damages for Emotional Distress**

The court is presented with two distinct dispositive questions with respect to Vought's request for special damages for emotional distress. First, there is the question of whether such damages are compensable under the LMRDA. Second, there is the question of whether Vought sufficiently informed the defendant that he intended to pursue such damages.

In relevant part, the LMRDA states:

Any person whose rights secured by the provisions of this title [29 USCS §§ 411 et seq.] have been infringed by any violation of this title [29 USCS §§ 411 et seq.] may bring a civil action in a district court of the United States for **such relief** (including injunctions) **as may be appropriate**. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

29 U.S.C. § 412 (emphasis added).

In the earliest case this court has identified wherein this issue was squarely addressed, the Ninth Circuit held that such damages were not recoverable under the LMRDA and reversed a district court award of $1,500 in special damages for emotional distress but affirmed the award of the $150 in expenses each plaintiff incurred in traveling to attend the Executive Council of the International Union. Int'l Bhd.of Boilermakers v. Rafferty, 348 F.2d 307, 315 (9th Cir. 1965). The court held, "We do not intend in this case to fashion a general rule on what damages, if any, are allowable as appropriate relief under [the LMRDA], for we believe that emotional distress, standing alone, does not constitute a sufficient basis for the awarding of damages under the section." Id.

Subsequently, in Bise v. Int'l Bhd of Elec. Workers, 618 F. 2d 1299 (9th Cir. 1979) the court had occasion to address what sort additional evidence was necessary to warrant an award of special damages for emotional distress. The court held that damages were not appropriate to certain plaintiffs who demonstrated only that they were "angry, nervous, upset, or depressed," or for a plaintiff who testified that her distress caused her "to leave work early several times" but she failed to demonstrate "that she suffered any actual injury because of leaving work early, e.g., lost wages." Id. at 1305. However, evidence was sufficient to support the jury's award of damages to plaintiffs who suffered "lost wages and sleep, headaches and heart palpitations, numbness in the feet and hands, and an increase in weight. Id.

The Second Circuit, relying upon the above-cited cases from the Ninth Circuit and Bloom v. International Brotherhood of Teamsters Local 468, 752 F.2d 1312 (9th Cir. 1984), a fair-representation case brought under the Landrum-Griffin Act, held that the requisite injury must be physical rather than purely an economic loss such as lost wages. The court stated:

> The qualification that claims of emotional distress be supported by a physical manifestation of injury is an appropriate safeguard against the award of excessive and speculative damages against unions. "Such awards could deplete union treasuries, thereby impairing the effectiveness of unions as collective-bargaining agents." International Brotherhood of Electrical Workers v. Foust, 442 U.S. 42, 50-51 (1979) (punitive damages not recoverable in fair representation suits against a

> union). We do not suggest that damage awards for emotional distress are inappropriate in LMRDA suits. Such awards are proper forms of compensatory relief for actual injury. However, we deem it advisable, in light of the significant impact on union coffers, to require a physical manifestation of emotional distress before permitting an award. We, therefore, find ourselves in agreement with the rule in the Ninth Circuit that damages for emotional distress are not recoverable under the LMRDA absent a showing of physical injury.

Rodonich v. House Wreckers Union Local 95 of Laborers' Int'l Union, 817 F.2d 967, 977-78 (2d Cir. 1987).

The view that an actual injury is required to recover damages for emotion distress in a LMRDA case constitutes the majority view, Guarnieri v. Pa. Fed'n. Bhd. of Maint. of Way Emples., 153 F. Supp. 2d 736, 746 (E.D. Pa. 2001), but courts differ as to whether a purely financial injury will suffice. Compare Guidry v. Int'l Union of Operating Eng'rs, Local 406, 882 F.2d 929, 944 (5th Cir. 1989) ("We fail to see why physical manifestations of injury should be the sole guarantor of genuineness; financial distress may well be the most reliable and frequent cause of mental distress. Moreover, whatever the indicia of actual injury used, plaintiffs who seek damages for emotional distress must present credible evidence of that distress.") with Petramale v. Local No. 17 of Laborers' Int'l Union, 847 F.2d 1009, 1012 (2d Cir. 1988) ("Claims of emotional distress . . . arising from violations of LMRDA must be supported by a physical manifestation of emotional distress.") (internal quotation omitted). The Fourth Circuit appears to be the lone Circuit that does not impose an actual injury requirement as a prerequisite for the recovery of special damages for emotional distress. Bradford v. Textile Workers of America, 563 F.2d 1138, 1144 (4th Cir. 1977).

The court has identified only a single case from within the Seventh Circuit wherein this issue has been addressed. In Glover v. Ossey, 1995 U.S. Dist. LEXIS 8608 (N.D. Ill. 1995), the court accepted the reasoning of the Fifth and Ninth Circuits and held that "emotional distress standing alone is insufficient to support an award of damages under the LMRDA." Id. at 28. Further, the court rejected the Second Circuit's rule that emotional distress must manifest itself

physically and adopted the rule of the Fifth and Ninth Circuits that other forms of injury may suffice. Id. at 29. The court explained:

> The Court finds the approach of the Ninth and Fifth Circuits adequately balances the need for compensation under the LMRDA with the need to protect against spurious or ecessive [sic] claims that could deplete the resources of the Union needed to maintain the system of democratic governance mandated by the LMRDA. Under this approach, plaintiffs' testimony regarding loss of sleep, irritability, humiliation, and the loss of the admittedly small monetary benefits of the Union Steward position will suffice to support an award of damages for emotional distress.

In this court's opinion, the Glover court established a very low threshold to sustain the requirement of actual injury. The Glover court was willing to accept the plaintiff's own testimony regarding subjective complaints of "loss of sleep, irritability, humiliation" as physical manifestations of his emotional distress. That combined with the loss of the small monetary benefits of the Union Steward position was sufficient to support a claim of damages for emotional distress. The Glover court concluded by recognizing that the slighter the emotional distress, the lower the ceiling on potential damages.

This court has concerns with the standard set by the court in Glover and opines whether it is sufficient to adequately protect union defendants from spurious claims for emotional distress. Under the standard set by the court in Glover, damages for emotional distress will almost certainly follow from any LMRDA violation because it would be an exceptional rarity for a person whose rights are violated, particularly one aggrieved enough to sue, to be free from even the most minor physical manifestations resulting from any distress as a result of the union's illegal actions. The court wonders whether such a result was Congress' intent.

Turning to the facts of this case, as set forth in Vought's deposition, it does not appear that Vought alleges any physical injury as a result of being improperly suspended from the IBT. (Docket No. 173 at 6-8.) Vought simply alleges that "there was a lot of distress for a while," which he described as being "upset" and "taken aback." (Docket No. 173 at 7.) Vought testified that because

7

he did not have health insurance he never sought medical treatment, although "it would have done some good to talk to someone." (Docket No. 173 at 7.) He did, on occasion, discuss his distress with his minister. (Docket No. 173 at 7.)

This court finds Vought's subjective complaints as equivalent to those rejected by the Ninth Circuit in Bise, 618 F. 2d at 1305, and not even sufficient to meet the Glover analysis. Accordingly, the court finds Vought's allegations insufficient to sustain a special damage claim for emotional distress.

Additionally or alternatively, the court finds that Vought is precluded from recovering damages for emotional distress because he failed to specifically state this claim in his complaint. Federal Rule of Civil Procedure 9(g) outlines pleading requirements and states with respect to special damages, "If an item of special damage is claimed, it must be specifically stated." Thus, the court is presented with the question of whether damages for emotional distress are special damages under Rule 9(g).

The Seventh Circuit has held that in a § 1983 action alleging a violation of due process, damages for emotional distress are special damages and therefore must be specifically alleged in the complaint in accordance with Rule 9(g). Smith v. De Bartoli, 769 F.2d 451, 453 n.2 (7th Cir. 1985) (citing Moore v. Boating Industry Associations, 754 F.2d 698, 716 (7th Cir. 1985)). The court stated that these damages must be pled in accordance with Rule 9(g) because "these are the kinds of injuries that do not *necessarily* flow from a denial of due process." Id.

Similarly, in the employment context, the Seventh Circuit held that "[i]f loss of income from employment is the usual consequence, then emotional distress must be the unusual one, and hence compensable as special damages. Neal v. Honeywell Inc., 191 F.3d 827, 832 (7th Cir. 1999); see also Avitia v. Metropolitan Club, 49 F.3d 1219, 1226 (7th Cir. 1995) ("Perhaps emotional distress is

8

a sufficiently unusual concomitant of wrongful discharge to bring Rule 9(g) into play. We need not decide.").

The present case is analogous to both a § 1983 due process claim and a claim relating to the loss of employment. Emotional distress, and similar damages, are special damages, and thus must be specifically stated in the complaint. Damages for lost wages and benefits, (see Compl., Docket No. 1 at 14), are the kinds of injuries that *necessarily* flow from the violation of the LMRDA found in this case, whereas damages for emotional distress ordinarily do not.

The special nature of damages for emotional distress in this case is further supported by the discussion set forth above with respect to whether damages for emotional distress are recoverable under the LMRDA. As explained above, damages for emotional distress are available only in narrow circumstances and only when the plaintiff appropriately demonstrates certain prerequisites; thus, it is clear that such damages do not necessarily flow from the alleged violation. The court further finds that Vought's boilerplate seeking "[s]uch additional amounts and relief as this Honorable Court shall deem proper under the circumstances," is insufficient to inform the defendants that such damages are being sought. Without appropriate notice under Rule 9(g), a defendant in the LMRDA case is not going to be appropriately informed that the plaintiff is seeking such damages. Finally, in light of Rule 9(g), special damages are not recoverable pursuant to Rule 54(c).

Permitting the plaintiff to amend his complaint at this point would necessarily result in prejudice to the defendant. This matter has been pending for nearly three years, has undergone two rounds of summary judgment motions, as well as numerous other substantive motions, and it is only now, shortly before trial, that the issue of damages for emotional distress has arisen. Discovery has closed long ago and permitting the plaintiff to pursue the issue of emotional distress at trial would expand the issues beyond those regarding which the defendant has pursued discovery.

This is made clear by the plaintiff's stated intention to call Bob Mueller ("Mueller") as a witness regarding Vought's emotional distress. The defendant objected on the basis that this witness was disclosed for the first time roughly one month before trial, and thus the defendant never had the opportunity to depose him. Further, a claim for emotional distress opens the door to a wide variety of other evidence that the defendant has undoubtedly not pursued in discovery. Therefore, for the reasons set forth above, **the court concludes that Vought is precluded from seeking damages for "mental or emotional distress, embarrassment, loss of reputation and status, and loss of enjoyment of life,**" (Docket No. 184). In light of this ruling, Mueller shall be precluded from testifying. Alternatively, the court finds that Mueller is precluded from testifying because Vought failed to timely disclose him as a potential witness.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
