## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DANIEL VOUGHT,

               **Plaintiff,**

v.                                     **Case No. 05-C-552**

TEAMSTERS GENERAL UNION
      LOCAL COUNCIL NO. 662,

               **Defendant.**

---

## ORDER

---

On April 25, 2008, Daniel Vought ("Vought") filed an expedited non-dispositive motion in accordance with Civil Local Rule 7.4. (Docket No. 190.) Because a jury trial is scheduled to commence on **May 5, 2008** at **9:00 A.M.** the court ordered the defendant to respond no later than April 29, 2008. (Docket No. 193.) On April 28, 2008, the defendant responded to Vought's motion (Docket No. 195), and filed its own motion in limine, (Docket No. 194). Civil L.R. 7.4(b) does not permit Vought to file a reply absent leave of the court. Counsel for Vought filed a letter on April 29, 2008 requesting that the court grant leave to reply to the defendant's response. (Docket No. 198.) The court finds a reply is unnecessary and therefore denies Vought's request.

**LOSS OF OFFICER PAY**

As a consequence of Vought being removed from his elected position as Recording Secretary with the defendant, Vought lost the monthly stipend he otherwise would have received. Vought seeks the court to take judicial notice of his damages pursuant to Federal Rule of Evidence 201 and conclude that as a consequence of his removal, he lost a total of $20,544.00. Vought arrives at this figure by adding the monthly stipends he would have received through 2008. Although

Vought was suspended for only 2 ½ years and his 3-year term was set to expire in December of 2005 (26 months after his suspension), Vought alleges he is entitled to damages through 2008 because his suspension precluded him from running for re-election at the end of his term as a result of the fact that the union requires a candidate to be a union member in good standing for at least 24-months prior to election.

The defendant provides four reasons the court should reject Vought's motion: (1) Vought's right to his stipend terminated on October 5, 2004 when Vought resigned his membership in the union; (2) Vought's work with W.I.R.E. was antithetical to the interests with the union; (3) Vought could not have run for reelection regardless of his suspension; and (4) Vought would not have won re-election in 2005. (Docket No. 195 at 1-3.)

For the reasons set forth above by the defendant, the issue of Vought's damages is "subject to reasonable dispute" and is not "generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The issue of damages is a question for the jury. Therefore, judicial notice of Vought's damages is not appropriate, and Vought's motion is **denied**.

**LOSS OF OPPORTUNITY AS BUSINESS AGENT**

In this court's Final Pre-Trial Order, (Docket No. 189 at 3), the court held: "Vought may recover damages beyond the loss of his Recording Secretary stipend only if he can demonstrate that he was denied employment that he would have received but for the membership suspension and/or prohibition action of the defendant."

Vought states that the "but for" standard is a standard he "cannot prove in this case" and argues that it is a standard that "could *never* be proven in any case with a similar punitive action." (Docket No. 190 at 2.) He states that Jim Newell could testify that there were Business Agent positions available and it is his opinion that Vought would have found a Business Agent position

2

within 15 months of his suspension and argues this should be sufficient to warrant damages. (Docket No. 190 at 2.)

The defendant responds by arguing that the court should accept Vought's concession that he cannot meet the "but for" standard and thus foreclose Vought from pursuing this avenue of damages. (Docket No. 195 at 3.) Additionally, the defendant argues that evidence relating to a letter written by Tim Buban and Jim Newell's conversations with Tim Buban should be excluded as hearsay. (Docket No. 195 at 3-5.)

The court stands by the statement of the law set forth in the Final Pre-Trial Order, (Docket No. 189 at 3): "Vought may recover damages beyond the loss of his Recording Secretary stipend only if he can demonstrate that he was denied employment that he would have received but for the membership suspension and/or prohibition action of the defendant."

Vought is not entitled to damages simply because he can demonstrate that there was a single (or any number) of jobs that he was precluded from obtaining because he was suspended by the defendant. Rather, Vought must prove causation and resulting damages. There may be any number of reasons, other than his improper suspension from the union, as to why Vought would not have been hired for a particular position. Vought must demonstrate to the jury by a preponderance of the evidence that he would have been hired for a position, and thus he suffered damages, were it not for his suspension from the union.

Conversely, one way the defendant may defend against Vought's request for damages is if it is able to demonstrate that there were legitimate reasons, other than Vought's suspension from the union, why Vought would not have been hired for employment with another Local. The fact that Vought did not apply for any positions, including that of business agent, within the Teamsters Union is not dispositive. It was clear that suspension barred Vought from being hired, and thus Vought need not undertake a futile application process simply to preserve a claim for damages.

3

Ultimately, whether or not the defendant's illegal actions resulted in damage to Vought in the form of lost employment is a question that must be resolved by the jury.

Turning to the defendant's motion in limine seeking to bar the admission of Tim Buban's letter to Jim Newell and facts related to Tim Buban's conversations with Jim Newell, the court agrees with the defendant that this letter and any recitation by Jim Newell of the Tim Buban's statements are hearsay. However, whether or not there is an applicable exception to the hearsay rule or whether this information is admissible for a purpose other than the truth of the matter asserted is a question that the court cannot resolve at this point. Therefore, the defendant's motion in limine, (Docket No. 194), is **denied without prejudice**.

      **SO ORDERED**.

Dated at Milwaukee, Wisconsin this 30th day of April 2008.

/s/ Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge

4