# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL VOUGHT,

                                    **Plaintiff,**

    v.                                                                              Case No. 05-C-552

**TEAMSTERS GENERAL UNION**
     **LOCAL COUNCIL NO. 662,**

                                    **Defendant.**

# ORDER

       The latest salvo in the parties' dueling motions in limine was filed by Daniel Vought ("Vought"), (Docket No. 201), less three hours after this court's resolution of the last round of such motions, (Docket No. 200). Vought has filed four distinct motions in limine. First, he seeks an order further limiting evidence relating to WIRE. Second, he seeks an order excluding evidence of Vought's resignation from the Union. Third, he seeks to preclude the defendant from arguing that Vought would not have won re-election. Finally, he seeks to preclude the defendant from offering any evidence, other than Vought's suspension, as a reason why Vought would not have been eligible for election in December, 2005.

       Underlying all of Vought's motions is the issue of causation. It is Vought's burden to demonstrate that he suffered damages, and that these damages were the result of the defendant improperly suspending Vought from the Union. Specifically, Vought's motions focus on the issue of his ability to run for re-election in 2005, which has a direct bearing on whether he is entitled to receive damages for the loss of his stipend through 2008. Vought's position is that his illegal suspension is the sine qua non of his inability to be re-elected in 2005. In other words, Vought contends that had he not

been suspended, he would have been re-elected, and to receive contrary evidence on this issue would be speculative. Vought argues that the defendant should not be permitted to cast doubt on the outcome of the election, because any uncertainty in the result was created by the defendant's illegal action. Vought submits that the defendant should be precluded from arguing that Vought would not have been re-elected.

The court disagrees with Vought who has provided no legal authority for his assertion that he should be excused from demonstrating causation, an essential element of an action for damages. It is Vought's burden to prove his damages. The defendant is entitled to present the numerous reasons why Vought may have not won re-election, including the facts that Vought resigned his membership and was not working in a position that made him eligible to run for election. Vought may counter these reasons by demonstrating that such bars to his re-election would not have existed were it not for the defendant's illegal action. Thus, **the court denies Vought's third and fourth motions in limine**.

As for the first and second motions relating to WIRE and Vought's resignation, both involve questions of causation. Although Vought was suspended from the Union at the time of his resignation, his resignation was not without a distinct effect. Vought's suspension was temporary, whereas his resignation was not. At the end of his suspension, Vought would have been restored to membership in good standing, were it not for his resignation. It is thus Vought's burden to demonstrate that he resigned as a consequence of his suspension, and based upon the arguments presented to this court, a reasonable jury could so conclude.

However, a reasonable jury could also conclude that Vought would have resigned regardless of his suspension. Based on prior facts presented in this case, it can be argued that Newell, Vought, and Alexander were at odds with the leadership of Local 662. Regardless of Vought's suspension, he had already lost his Business Agent position with the Union. Thus, the jury could conclude that these factors alone would have led to Vought's resignation. This conclusion is bolstered by the fact that

2

Alexander, a person who was never disciplined by the defendant but was aligned with Vought and Newell, similarly resigned his membership in the Union and joined forces with the other two.

Regarding Vought's involvement in WIRE, his employment is relevant to more than just the issue of mitigation of damages. The fact that Vought went into business with Newell and Alexander is a fact that is relevant to assessing the credibility of Newell and Alexander. Further, the fact that while working for WIRE, Vought was not "actively employed at the craft within the jurisdiction of such Local Union" is relevant to the question of whether he would have been re-elected.

Therefore, the court shall not preclude the defendant from presenting evidence relating to WIRE for these limited purposes. However, the parties shall be precluded from discussing the nature of WIRE's work or specifically how it was antithetical to the interests of the Union. In this regard, the court finds there exists a substantial risk of prejudice or confusion that outweighs any probative value of a more detailed discussion of WIRE's work. Therefore, the court **denies Vought's second motion in limine relating to evidence of his resignation and grants, as modified, Vought's first motion in limine relating to WIRE**.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 2nd day of May 2008.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge